UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | |
|---|---|
| DOMINIC POINTER, | ) |
| | ) |
| Petitioner, | ) Case Nos.     1:11-cr-52-HSM-SKL |
| | )                 1:12-cv-272-HSM-SKL |
| v. | ) |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |
| | ) |

## **MEMORANDUM AND ORDER**

Petitioner Dominic Pointer ("Petitioner"), a federal prisoner, filed a *pro se* motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (the "2255 Motion") [Doc. 26].[1] Respondent United States of America (the "Government") filed a response in opposition to the 2255 Motion [Doc. 28]. Petitioner did not file a reply to the Government's response. After careful review and for the reasons stated below, a hearing will be held on Petitioner's claim that he directed his counsel to file an appeal, and all other claims are **DENIED**.

**I.   BACKGROUND**

On June 28, 2011, Petitioner was charged in a one-count Indictment with being a felon in possession of a firearm and ammunition in violation of 18 U.S.C. § 922(g)(1) [Docs. 3, 26-1]. On August 9, 2011, without the benefit of a plea agreement, Petitioner pleaded guilty to being a felon in possession of a firearm [Doc. 18]. In making his change of plea, Petitioner admitted the facts set forth in the factual basis filed by the Government [Docs. 17, 18]. The maximum term of imprisonment for the offense for Petitioner was ten years pursuant to 18 U.S.C. § 924(a)(2).

---

[1] All citations to the district court record are to the docket of Case No. 1:11-cr-52, which is the underlying criminal case.

Based on a total offense level of 21 and a criminal history category of IV, the guideline range for imprisonment for Petitioner was 57 to 71 months. On November 14, 2011, Petitioner was sentenced to 71 months' imprisonment [Doc. 24]. Petitioner did not file an appeal, but instead filed his timely 2255 Motion.

**II.     STANDARDS**

A prisoner in federal custody may file a motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255 "claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Relief under § 2255 is limited, however, to: (1) errors involving lack of jurisdiction; (2) constitutional violations; and (3) those non-constitutional errors constituting "fundamental defect[s] which inherently result[] in a complete miscarriage of justice." *Hill v. United States*, 368 U.S. 424, 428 (1962), *quoted in Reed v. Farley*, 512 U.S. 339, 348-49 (1994); *see also United States v. Addonizio*, 442 U.S. 178, 185 (1979).

Rule 4(b) of the Rules Governing Section 2255 Proceedings in the United States District Courts requires a district court to summarily dismiss a § 2255 motion if "it plainly appears from the face of the motion, the attached exhibits, and the record of the prior proceedings that the movant is not entitled to relief." *See also Pettigrew v. United States*, 480 F.2d 681, 684 (6th Cir. 1973) ("A motion to vacate sentence under § 2255 can be denied for the reason that it states "only bald legal conclusions with no supporting factual allegations.") (quoting *Sanders v. United States*, 373 U.S. 1, 19 (1963)). If the motion is not summarily dismissed under Rule 4(b), Rule 8 requires the court to determine, after a review of the answer and the records of the case, whether

an evidentiary hearing is required. If a petitioner presents a factual dispute, then "the habeas court must hold an evidentiary hearing to determine the truth of the petitioner's claims." *Huff v. United States*, 734 F.3d 600, 607 (6th Cir. 2013) (quoting *Valentine v. United States*, 488 F.3d 325, 333 (6th Cir. 2007)). An evidentiary hearing is not required "if the petitioner's allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Valentine*, 488 F.3d at 333 (quoting *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999)).

**III. ANALYSIS**

In his 2255 Motion, Petitioner appears to allege that his counsel was constitutionally ineffective in the following ways: (1) by refusing to argue or appeal the "*Petite* policy," (2) by failing to file a direct appeal upon request, and (3) by failing to advise him about the "true nature" of the crime charged and pleaded to, including the nexus between the gun and interstate commerce [Docs. 26, 26-2].

Ineffective assistance of counsel is a recognized constitutional violation that, when adequately shown, warrants relief under § 2255. The two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668, 687 (1984), governs claims of ineffective assistance of counsel raised pursuant to 28 U.S.C. § 2255. *Huff*, 734 F.3d at 606. To demonstrate a violation of the Sixth Amendment right to effective assistance of counsel under the two-prong test, "a defendant must establish that his attorney's performance was deficient and that the deficient performance prejudiced the defense." *Id*. (citing *Strickland*, 466 U.S. at 687). A petitioner who challenges a guilty plea based on ineffective assistance of counsel must demonstrate not only deficient performance by counsel and prejudice but also that but for counsel's errors, there is a reasonable

3

probability the petitioner would not have pleaded guilty and would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

The first prong requires the petitioner to show his attorney's performance was deficient by demonstrating "counsel's representation fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688. Stated another way, the petitioner must show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* at 687. The Supreme Court "has declined to articulate specific guidelines for appropriate attorney conduct and instead [has] emphasized that the proper measure of attorney performance remains simply reasonableness under prevailing professional norms." *Huff*, 734 F.3d at 606 (alterations in original) (quoting *Wiggins v. Smith*, 539 U.S. 510, 521 (2003)). A reviewing court must be "highly deferential" to counsel's performance, because

> [a] fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action "might be considered sound . . . strategy."

*Strickland*, 466 U.S. at 689 (quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)).

Even if a petitioner is successful in overcoming that presumption, he must still satisfy the second prong of the *Strickland* test, prejudice. Thus, a petitioner must show not only that his counsel's representation was objectively unreasonable, but also that he was prejudiced by counsel's deficiency because there exists "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *McPhearson v. United States*, 675 F.3d 553, 563 (6th Cir. 2012) (quoting *Strickland*, 466 U.S. at 694).

4

Although the *Strickland* Court emphasized that both prongs must be established in order for the petitioner to meet his burden, it noted that

> there is no reason for a court deciding an ineffective assistance claim to approach the inquiry in the same order or even to address both components of the inquiry if the defendant makes an insufficient showing on one . . . . If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed.

*Strickland*, 466 U.S. at 697.

### A. *Petite* Policy

Named for the Supreme Court case in which it was first announced, the *Petite* policy provides that the federal government typically will not duplicate state prosecutions even though dual state-federal jurisdiction is constitutionally available. *Petite v. United States*, 361 U.S. 529 (1960) (per curiam). In short, the United States Attorney General has followed a policy that the federal government, absent a compelling interest, will not prosecute a defendant who has already been convicted of substantially the same offense in state court. *Petite*, 361 U.S. at 530-31; *United States v. Renfro*, 620 F.2d 569, 573 n.2 (6th Cir. 1980). This policy is not constitutionally mandated and confers no rights on a criminal defendant. *Renfro*, 620 F.2d at 574. Indeed, only the government has standing to seek a dismissal of an indictment because of a violation of the *Petite* policy. *Id.*; *see also United States v. Mardis*, 600 F.3d 693, 699 (6th Cir. 2010).

Petitioner has submitted no evidence that he was prosecuted in state court for the acts underlying his federal prosecution. The Government has represented that Petitioner's case was prosecuted only by federal authorities. As a result, the *Petite* policy was not, and is not, at issue. Even if the Court were to assume the *Petite* policy was violated in this case, such a finding would not entitle Petitioner to any relief, as the policy confers no rights on Petitioner and only

5

the Government has standing to raise the policy. Therefore, it was not deficient performance for counsel to fail to seek relief under the *Petite* policy.

**B.     Appeal**

Petitioner claims that he instructed counsel to appeal the Government's alleged violation of its *Petite* policy and that counsel ignored his request to appeal. The Government responds with an affidavit of Petitioner's former counsel, Mary Ellen Coleman, who denies that Petitioner ever instructed her to file a direct appeal [Doc. 28-1]. The Government argues this Court should credit Ms. Coleman's sworn affidavit over Petitioner's bald assertions.

To prevail on a claim that counsel failed to file a direct appeal, Petitioner would need to demonstrate that either (1) the attorney disregarded his instructions to file a notice of appeal, or (2) the attorney failed to consult with him about an appeal when the attorney knew or should have known that he might want to appeal. *See Roe v. Flores-Ortega*, 528 U.S. 470, 477-78, 480 (2000). Prejudice is presumed when counsel fails to file a notice of appeal when specifically requested to do so by his client. *See id*. at 477; *see also Ludwig v. United States*, 162 F.3d 456, (6th Cir. 1998) (holding "that the failure to perfect a direct appeal, in derogation of a defendant's actual request, is a *per se* violation of the Sixth Amendment"). In this case, there was no waiver of the right to appeal, but

> even when a defendant waives all or most of his right to appeal, an attorney who fails to file an appeal that a criminal defendant explicitly requests has, as a matter of law, provided ineffective assistance of counsel that entitles the defendant to relief in the form of a delayed appeal.

*Campbell v. United States*, 686 F.3d 353, 360 (6th Cir. 2012); *accord Roe*, 528 U.S. at 477 ("[A] lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable."); *Pola v. United States*, 778 F.3d 525, 534 (6th Cir. 2015) ("The proper inquiry is to determine whether the record and affidavits suggest that one of

6

four scenarios occurred: (1) [Petitioner] expressly requested that [counsel] file a notice of appeal; (2) a rational defendant in [Petitioner's] situation would want to file an appeal; (3) [Petitioner] reasonably demonstrated to [counsel] that he wanted to appeal his conviction and sentence; or (4) none of the above.").

If counsel ignored Petitioner's express instruction to file an appeal within the fourteen-day period for filing a notice of appeal under Federal Rule of Appellate Procedure 4, such action "amounts to a per se violation of the Sixth Amendment, and thus, regardless of the merits of [Petitioner's] substantive claims, he would be entitled to relief under § 2255 . . . ." *Campbell*, 686 F.3d at 359 (internal quotations omitted); *accord Pola*, 778 F.3d at 532-533. If Petitioner presents a factual dispute, then an evidentiary hearing must be held to determine the truth of the Petitioner's claims. *See, e.g., Pola*, 778 F.3d at 534; *Campbell*, 686 F.3d at 360; *Huff,* 734 F.3d at 610. Under current binding precedent, the Court concludes Petitioner is entitled to a hearing on the issue of whether his counsel rendered ineffective assistance of counsel with respect to not filing an appeal.

Accordingly, Petitioner will be appointed counsel to represent him at a hearing solely as to this issue.

### C. Guilty Plea

Petitioner's remaining claims are difficult to discern. He appears to be making conclusory allegations that he was somehow misinformed prior to the entry of his guilty plea or that the factual basis failed to establish an interstate nexus. Both arguments fail.

Absent clear and convincing evidence to the contrary, a defendant is bound by representations he makes under oath during a plea colloquy. *Baker v. United States*, 781 F.2d 85, 90 (6th Cir. 1986) ("[W]here the court has scrupulously followed the required procedure, the

defendant is bound by his statements in response to that court's inquiry.") (internal punctuation and citations omitted). The Supreme Court has explained the importance and weight of representations made during plea hearings as follows:

> For the representations of the defendant, his lawyer, and the prosecutor at such a hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible.

*Blackledge v. Allison,* 431 U.S. 63, 73-74 (1977).

At Petitioner's consensual plea hearing before the magistrate judge, he would have sworn that he wished to enter a plea of guilty, that he had sufficient time and opportunity to discuss his case with his attorney and was satisfied with counsel's representation, that he understood all of the rights and would relinquish those rights by entering a plea of guilty, that he understood the potential sentencing consequences of his plea, that he was not coerced or threatened into entering a plea, and that he agreed with the Government's factual basis in support of the plea and was pleading guilty because he was, in fact, guilty. The Government filed a factual basis stating that the firearm Petitioner possessed was manufactured outside the state of Tennessee and necessarily traveled through interstate commerce [Doc. 17 at Page ID # 25]. As part of his change of plea, Petitioner admitted the facts set forth in the factual basis filed by the Government [Docs. 17, 18]. These facts were sufficient to satisfy the elements of the offense, including that the firearm was manufactured outside the state of Tennessee, and necessarily traveled through interstate commerce [Docs. 17, 20, 21]. Petitioner's statements made under oath during his change of plea contradict his unsupported nexus argument, and his allegations of deficient performance in this regard are wholly incredible.

Petitioner's remaining claims are nothing more than ill-defined allegations unsupported by specific facts related to his case. For that reason alone it is proper to reject them. *See O'Malley v. United States*, 285 F.2d 733, 735 (6th Cir. 1961) ("Conclusions, not substantiated by allegations of fact with some probability of verity, are not sufficient to warrant a hearing," much less relief); *Adams v. United States*, No. 1:10-cr-23, 2012 WL 5365092, at *1 (E.D. Tenn. Oct. 30, 2012) ("[A] motion consisting of mere legal conclusions unsupported by factual allegations is insufficient to warrant an evidentiary hearing or § 2255 relief."). The Court is convinced that Petitioner's counsel was in no way deficient and Petitioner has failed to demonstrate any prejudice from any deficient performance with respect to all remaining issues. Thus, his conclusory claims for relief are **DENIED**.

## IV. CONCLUSION

The Court finds Petitioner is entitled to an **EVIDENTIARY HEARING** pursuant to Rule 8 of the 2255 Rules limited solely to whether his counsel rendered ineffective assistance with respect to counsel's failure to file a direct appeal on Petitioner's behalf. The parties will be afforded an opportunity to supplement the record with additional proof and other materials regarding this issue as provided in Rule 7 of the 2255 Rules. Petitioner will be appointed counsel to represent him solely as to this issue. In all other respects, either express or implied, Petitioner's 2255 Motion fails because Petitioner's conviction and sentence were not in violation of the Constitution or the laws of the United States.

Accordingly, the Court will conduct an evidentiary hearing to determine whether Petitioner timely directed his attorney to file a notice of appeal on his behalf. The parties are hereby **ORDERED** to appear for a hearing at 10:00 a.m. on September 4, 2015 before United States District Judge Harry S. Mattice, Jr., Third Floor District Courtroom, U.S. Courthouse, 900

9

Case 1:11-cr-00052-HSM-SKL   Document 29   Filed 07/30/15   Page 9 of 10   PageID #: 88

Georgia Avenue, Chattanooga, Tennessee.  The Court hereby APPOINTS attorney Gene Shiles to represent Petitioner at the September 4, 2015 evidentiary hearing.

**SO ORDERED.**

**ENTER.**

　　　　　　　　　　　　　　　　　　　　　　　*/s/ Harry S. Mattice, Jr.*
　　　　　　　　　　　　　　　　　　　　　　HARRY S. MATTICE, JR.
　　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE